1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6

7    PATRICK DUGAN DEMPSEY,                   Case No. 23-cv-02182-PCP

8                      Plaintiff,             **ORDER REQUIRING PETITIONER
                                              TO MAKE ELECTION AND DENYING
9            v.                               MOTION TO EXCUSE EXHAUSTION**

10   STEPHEN SMITH,                           Re: Dkt. No. 26

11                     Defendant.

12           Petitioner Patrick Dempsey, a state prisoner proceeding *pro se*, has filed a petition for a

13   writ of habeas corpus under 28 U.S.C. § 2254. Dkt. No. 1. The Petition is now before the Court for

14   review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

15   Shortly after filing the Petition, Mr. Dempsey asked the Court to excuse his failure to exhaust

16   certain claims. Mr. Dempsey also has filed motions seeking counsel, production of documents,

17   and assistance with other matters related to case administration.

18           For the reasons stated below, Mr. Dempsey's motion to excuse exhaustion is denied. Mr.

19   Dempsey must make an election before the Court can determine whether to require a response

20   from respondent, or how to address Mr. Dempsey's motions regarding case administration.

21   **I.      DISCUSSION**

22           This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in

23   custody pursuant to the judgment of a state court only on the ground that he is in custody in

24   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

25   *Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing

26   the respondent to show cause why the writ should not be granted, unless it appears from the

27   application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### A.    Exhaustion Problem

On the face of the Petition, Mr. Dempsey admits that he failed to raise some of his claims to the California Supreme Court. *See* Pet. at 6. Mr. Dempsey also asks the Court to excuse his failure to exhaust thirteen claims. *See* Dkt. No. 16. The Petition therefore contains unexhausted claims in addition to any exhausted claims, making it a "mixed petition." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (explaining that a petition containing both exhausted and unexhausted claims is a mixed petition). The Court cannot adjudicate the merits of a "mixed" habeas petition containing any claim as to which state remedies have not been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Although Mr. Dempsey asks the Court to excuse his failure to exhaust, he has not yet demonstrated the "extremely unusual circumstances" necessary to justify such relief. *Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998). A federal court may excuse exhaustion only if either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Here, Mr. Dempsey argues that exhaustion should be excused solely because he did not have sufficient law library access in prison. Dkt. No 26 ¶ 1. Yet the record shows that Mr. Dempsey was represented by counsel on appeal and in at least one state habeas petition, suggesting that his personal library access did not impede his ability to pursue relief in state court. Further, Mr. Dempsey states on the face of his petition that a "petition, appeal, or other post-conviction proceeding [is] pending" in Alameda County Superior Court. Pet. at 4. In his motion to excuse exhaustion, Mr. Dempsey also refers to his seemingly ongoing attempts to pursue habeas relief in state court. Dkt. No. 26, at 5–6. Given that Mr. Dempsey is currently pursuing relief in state court, the Court cannot conclude at this time that the State corrective process is necessarily unavailable or ineffective.

Mr. Dempsey also argues that he was represented by ineffective counsel during his direct appeal and state habeas petition. *Id*. ¶¶ 2, 7. Yet the argument that appellate counsel was constitutionally inadequate must be exhausted in state court before that argument can be used to excuse exhaustion in federal court. *See Arrendondo v. Neven*, 763 F.3d 1122, 1140 (9th Cir.

United States District Court
Northern District of California

2014). Mr. Dempsey additionally argues that he was unable to pursue certain claims due to prosecutorial misconduct. Dkt. No. 26 ¶ 3. Again, however, this claim can be raised in the seemingly ongoing state habeas proceedings. While Mr. Dempsey argues that he may expand the record under the Federal Rules of Civil Procedure, *id*. ¶ 4, the Federal Rules of Civil Procedure do not override the congressionally imposed exhaustion requirement. Finally, Mr. Dempsey argues that state courts failed to recognize and remedy structural errors. *Id*. ¶¶ 5-6. But any structural errors must expressly be raised as claims in state court, giving the state courts a chance to remedy those defects before the claims can be pursued here.

Because Mr. Dempsey has not yet presented the "extremely unusual circumstances" which would excuse exhaustion, his motion is **DENIED** without prejudice.

### B.    Next Steps

Mr. Dempsey must choose how to deal with his exhaustion problem.

Due to a one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), federal district courts generally are reluctant to dismiss habeas petitions (and possibly cause a later-filed petition to be time-barred) without giving the petitioner the opportunity to elect whether to try to exhaust his claims before pursuing them in federal court. Accordingly, the Court will allow Mr. Dempsey to choose whether he wants to:

(1) dismiss this entire case and return to state court to exhaust his unexhausted claims (or continue pursuing the seemingly ongoing state proceedings) before filing a new federal petition presenting his claims;

(2) dismiss the unexhausted claims and go forward in this action with only the exhausted claims; or

(3) file a motion for a stay of these proceedings while he exhausts the unexhausted claims.

Mr. Dempsey is cautioned that these options have risks which he should take into account in deciding which option to choose. If he chooses option (1), his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If Mr. Dempsey chooses option (2), he may face dismissal of his unexhausted claims in any later-filed petition. *See* 28 U.S.C. § 2244(b). If Mr.

1    Dempsey chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion

2    is granted) then must act diligently to file in the California state court, obtain a decision

3    (ultimately from the California Supreme Court) on his unexhausted claims, and return to this

4    Court. Under option (3), this action stalls and the Court will do nothing further to resolve the case

5    while Mr. Dempsey is diligently seeking relief in state court.

6          If Mr. Dempsey elects option (3), any stay must be limited in time to avoid indefinite

7    delay. *See Rhines*, 544 U.S. at 277–78. In addition, if Mr. Dempsey elects option (3) and moves

8    for a stay, he must show that he satisfies the *Rhines* criteria. That is, he must show that there is

9    good cause for his failure to exhaust his claims first in state court; that his claims are not meritless;

10   and that the failure to first exhaust in state court was not due to intentionally dilatory litigation

11   tactics on his part. *See Rhines*, 544 U.S. at 277–78.

12         There is an alternate stay procedure for a petitioner who has some unexhausted claims he

13   wants to present in his federal habeas action, but it often is unhelpful because statute of limitations

14   problems may exist for claims that are not sufficiently related to the claims in the original petition.

15   Under the procedure outlined in *Kelly v. Small*, "(1) a petitioner amends his petition to delete any

16   unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted

17   petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted

18   claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims

19   to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d

20   at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required

21   to show good cause as under *Rhines*, but rather must show that the amendment of any newly

22   exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), by

23   sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by

24   complying with the statute of limitations. *See King*, 564 F.3d at 1141-43 (discussing the *Kelly*

25   procedure).

26   **II.    CONCLUSION**

27         For the foregoing reasons, the Court orders as follows:

28         1.    **Within forty-two (42) days** from the date of this order, Mr. Dempsey must file a

United States District Court
Northern District of California

notice in which he states whether he chooses to:

> (1) dismiss this action and return to state court to exhaust his unexhausted claims before returning to federal court to present all of his claims in a new petition;
>
> (2) dismiss the unexhausted claims and go forward in this action with only his exhausted claims; or
>
> (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims.

If Mr. Dempsey chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice by Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Requiring Election by Petitioner."  Mr. Dempsey would have to insert a number in place of the blank space to indicate which of the first two options he chooses.

If Mr. Dempsey chooses Option (3), **within forty-two (42) days** from the date of this order, he must file a motion for a stay. The motion must explain how he satisfies the *Rhines* criteria: He must explain why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, why his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. Alternatively, Mr. Dempsey may consider a *Kelly* stay procedure, but he is again warned that the *Kelly* stay procedure risks dismissal of his unexhausted claims as time-barred.

2.      If Mr. Dempsey does not choose one of the three options or file a motion by the deadline, the Court will assume that he intended to select Option (1), and will dismiss the Petition.

This order terminates Docket No. 26. Mr. Dempsey's other motions will be addressed after he makes an election regarding his unexhausted claims.

**IT IS SO ORDERED.**

Dated: January 3, 2024

P. Casey Pitts
United States District Judge